**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMERICAN UNITED LIFE
INSURANCE COMPANY,

        Plaintiff,

vs.     Case No. 3:05-cv-266-J-32JRK

JUSTIN MERTIS BARBER and
PATRICIA G. PARRISH,

        Defendants.

## **ORDER**[1]

This interpleader case to determine the rightful beneficiary of an insurance policy comes before the Court on Defendant/Cross-Claim Plaintiff Patricia G. Parrish's Motion for Summary Judgment (Doc. 29) and Defendant/Cross-Claim Defendant Justin M. Barber's Response thereto.[2]  (Doc. 31.)

**I. Facts**

The facts in this case are straightforward and undisputed for the purposes of this motion.  April Stacy Barber ("April") was murdered on August 17, 2002 in St.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] After depositing the insurance proceeds and accrued interest, interpleader plaintiff American United Life Insurance Company was dismissed with the consent of all parties.  See Docs. 16, 20, 21.

Johns County, Florida.  Affidavit of Patricia G. Parrish (hereinafter "Parrish Aff.") ¶ 1. At the time of her death, April was insured by three separate life insurance policies, including a policy issued by plaintiff American United Life Insurance Company ("AUL") for $308,000.  Id. at ¶¶ 2, 5.  April's husband, Justin Barber (Barber), was the primary beneficiary on the policy and April's aunt, Patricia Parrish (Parrish), was the contingent beneficiary.  Id. at ¶ 5.

On June 21, 2006, Barber was convicted of April's murder, and judgment entered on September 15, 2006.  See id. at ¶ 10; Doc. 29 at 19.  That judgment is currently pending on appeal in the state court system.

## II. Legal Standard

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute."  Branche v. Airtran Airways, Inc., 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  In determining whether summary judgment is appropriate, a court must draw inferences

from the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts in that party's favor. Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1149 (11th Cir. 2005).

## III.  Discussion

Parrish argues that summary judgment should be granted in her favor.  She argues that under Florida's slayer statute the judgment in Barber's criminal case is conclusive evidence of his responsibility for April's death, thereby rendering him ineligible for any distribution of life insurance benefits.  In opposition, Barber argues that his appeal must be decided before his criminal judgment is "final" under the statute.

Section 732.802(3), Florida Statutes (2006), provides:

> A named beneficiary of a . . . life insurance policy . . . who unlawfully and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent.

Subsection (5) of that statute states that "[a] final judgment of conviction of murder in any degree is conclusive for purposes of this section."

The First District Court of Appeal rejected this same argument raised by Barber in a case involving the same parties under one of the other life insurance policies held by April.

> On appeal, Appellant argues that the trial court erred in granting summary judgment because his conviction cannot be considered final before he has exhausted his appellate rights.  This argument has

3

> previously been rejected. In <u>Prudential insurance Company of America, Inc. v. Baitinger</u>, 452 So.2d 140, 141 (Fla. 3d DCA 1984), the insured's husband, who was the primary beneficiary of a life insurance policy, was found guilty of the insured's murder. The probate court entered an order directing the insurance company to pay the policy proceeds to the personal representatives of the insured's estate. <u>Id</u>. The insurance company appealed the order arguing that the husband's conviction could not be considered final due to a pending appeal. <u>Id</u>. at 142. The Third District Court of Appeal examined the legislative intent behind section 732.802 and determined that amendments to the statute demonstrated the Legislature's intent to make it more difficult for a killer to receive a financial benefit for his wrongdoing. <u>Id</u>. at 142-43. It concluded that the term "final judgment of conviction" meant an adjudication of guilt by the trial court, and it affirmed the trial court's order directing the insurance company to pay the proceeds to the personal representatives. <u>Id</u>. at 143. <u>See</u> <u>also</u> <u>Cohen v. Cohen</u>, 567 So.2d 1015, 1016 (Fla. 3d DCA 1990) (holding that irreparable harm would not occur to a primary beneficiary, even if her conviction was reversed on appeal, if the estate was distributed to the remaining beneficiaries because she would be able to seek money damages from those beneficiaries).
>
> We agree with the reasoning of the Third District in its finding that the Legislature intended a trial court's adjudication of guilt to be final for purposes of section 732.802, even if appellate remedies have not been exhausted. We therefore conclude that the trial court properly granted summary judgment in favor of Appellee and accordingly affirm the judgment.

<u>Barber v. Parrish</u>, 963 So.2d 892, 893 (Fla. Dist. Ct. App. 2007).

The Court is persuaded by this analysis by the state appellate court on this point of Florida law. While the Florida Supreme Court has not addressed this precise issue, the Court has not found any decision by the Florida courts that would call into question the conclusions reached by the First and Third District Courts of Appeal in <u>Barber</u> and <u>Prudential</u>.  Thus, with Barber ineligible, Parrish, as contingent

beneficiary, is entitled to the insurance proceeds.  Accordingly, it is hereby

**ORDERED:**

1.  Patricia G. Parrish's Motion for Summary Judgment (Doc. 29) is **GRANTED**.

2.  No later than **May 9, 2008**, Patricia Parrish should submit a proposed final judgment which should also deal with the disposition of the interpleaded funds.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of April, 2008.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

jcd
Copies:

counsel of record